FEB 2 7 2004

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

JEFFREY HOLLAND and )
BARBARA HOLLAND, )

          Plaintiffs, )

    vs. )

GLOCK, INC. )

          Defendant. )

DOCKET **1035** PAGE **203**

COMPLAINT

Assigned to Judge *Mullen*

Plaintiff states:

### GENERAL ALLEGATIONS

1.     The Plaintiffs, Jeffrey Holland and Barbara Holland, were at all times relevant herein citizens and residents of Omaha, Douglas County, Nebraska.

2.     That at all times relevant herein the Plaintiffs were husband and wife; that at all times relevant herein the Plaintiff, Jeffrey Holland, was an officer with the Omaha Police Department.

3.     That the Defendant, Glock, Inc. (hereinafter referred to as "Glock") is a corporation organized under and by virtue of the laws of the State of Georgia, with its principal place of business in Smyrna, Georgia.

4.     That the cause of action against the Defendant Glock as alleged in this Petition arose from the Defendant transacting business in the State of Nebraska.

5.     That the events that form the basis of this cause of action against the Defendant occurred in Omaha, Douglas County, Nebraska.

*service*
*CM - Signed 3-8-04*

6.    That the Defendant Glock was at all times relevant herein engaged in the business of designing, manufacturing, importing, assembling, marketing and selling hand guns, to include a "Glock Model 22", serial no. BDU908 (hereinafter sometimes referred to as "the product").

7.    That sometime prior to March 1, 2000, Defendant Glock sold and otherwise placed into the stream of commerce the above-referred product. That sometime prior to March 1, 2000, the product was purchased by the Plaintiff, Jeffrey Holland, and was used by him as his police sidearm.

8.    That on or about March 1, 2000, the Plaintiff, Jeffrey Holland, was working as a security officer at the Great Western Bank located at 4718 "L" Street, when two armed gunmen entered the bank. An exchange of gunfire took place as Officer Holland attempted to stop the gunmen. In the course of that exchange, Officer Holland's gun (the product) was nicked by a bullet and ceased functioning.

9.    That as a result of the product not functioning, Officer Holland suffered severe injuries and damages as described hereinafter.

FIRST CAUSE OF ACTION

BREACH OF EXPRESS WARRANTY

10.    Plaintiff incorporates paragraphs 1 through 9 as if set forth fully herein.

11.    That the Defendant Glock designed, manufactured, assembled, imported, marketed and sold and otherwise placed into the stream of commerce the above-referred product.

12.    That Defendant Glock, in developing, manufacturing, importing, assembling and selling the product, knew and intended the product to be used by police officers, including the Plaintiff; that the Defendant Glock in marketing the product provided the Omaha Police Department and its officers with a videotape and promotional materials which represented and

2

affirmed that the product was virtually indestructible, stronger than steel, and would withstand torturous abuse and still function. That the Plaintiff, Jeffrey Holland, relied upon the above affirmations and representations of the Defendant Glock and purchased the product to replace his Smith & Wesson police sidearm.

13. That the product was not as described by the Defendant, and ceased to function after receiving a small nick at its base.

14. As a direct and proximate result of the breach of warranty by the Defendant Glock, as set forth above, the Plaintiff, Jeffrey Holland, sustained injuries and damages as more fully set forth below.

## DAMAGES

15. Plaintiff incorporates paragraphs 1 through 14 as if fully set forth herein.

16. As a direct and proximate result of the acts of Defendant Glock as set forth above, the Plaintiff, Jeffrey Holland, has sustained the following damages:

   a. Injury to his chest, abdomen, left leg and knee;

   b. Physical pain and mental suffering in the past, and it is reasonably certain that he will sustain physical pain and mental suffering for an indefinite period of time in the future;

   c. Medical expenses in the past in an amount yet to be determined, and it is reasonably certain that he will sustain future medical expenses;

   d. Loss of income in the past in an amount yet to be determined, and it is reasonably certain that he will sustain a future loss of income;

   e. Permanent impairment of his earning capacity;

   f. Permanent disability; and

   g. Permanent injury.

3

LOSS OF CONSORTIUM

17.    Plaintiff, Barbara Holland, incorporates paragraphs 1 through 16 as if fully set forth herein.

18.    Plaintiff's wife, Barbara Holland, as a direct result of the injuries described above has lost and will in the future, lose the services and consortium of her husband, Jeffrey Holland.

WHEREFORE, on their first and second causes of action, Plaintiffs pray for judgment against the Defendant Glock, Inc., for their special and general damages and the costs of this action.

JEFFREY AND BARBARA HOLLAND,
Plaintiffs

By: _____
Matthew G. Miller, #19092
6910 Pacific Street, Suite 200
Omaha, Nebraska 68106
(402) 558-4900
ATTORNEY FOR PLAINTIFFS

4